IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------------ :
JOHN M. KMET,                                          : CASE NO. 1:09 CV 1933
                                                       :
                                         Plaintiff,    : <u>MEMORANDUM OF OPINION AND</u>
                                                       : <u>ORDER REMANDING TO SUMMIT</u>
              -vs-                                     : <u>COUNTY COURT OF COMMON</u>
                                                       : <u>PLEAS</u>
                                                       :
HOUSEHOLD LIFE INSURANCE                               :
COMPANY,                                               :
                                                       :
                                         Defendant.
------------------------------------------------------

UNITED STATES DISTRICT JUDGE LESLEY WELLS

The plaintiffs John M. Kmet and Carolyn Kmet originally filed this lawsuit in Summit County Court of Common Pleas. (Docket No. 1, ¶1). The defendant Household Life Insurance Company ("Household Life") subsequently filed a notice of removal which placed the case on this Court's docket. (Docket No. 1). Household Life maintains that removal was proper because the case is within the Court's diversity jurisdiction under 28 U.S.C. § 1332. (Docket No. 1, ¶¶3,5). The plaintiffs challenge the propriety of removal and motion the Court to remand. (Docket No. 6).

Even though the plaintiffs do not dispute the existence of complete diversity, the Court must consider the issue, because it is "obliged to inquire sua sponte whenever a doubt arises as to the existence of federal jurisdiction." <u>Mt. Healthy City Bd. Of Educ. v. Doyle</u>, 429 U.S. 274, 278 (1977). Such doubt has arisen here because the defendant's

Notice of Removal refers to the plaintiffs' residency and not their citizenship as required by 28 U.S.C. § 1332(a).

Because Household Life has failed to allege facts that demonstrate diversity of citizenship, this Court has no power to proceed and, therefore, must remand the case to Summit County Court of Common Pleas for lack of subject matter jurisdiction.

**I. Law and Argument**

The Court begins by noting that statutes conferring removal jurisdiction are to be construed strictly because removal jurisdiction encroaches on the jurisdiction of the state courts. 28 U.S.C.A. § 1446; Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527 (6th Cir. 1999). Removal of a civil case to federal court is proper if it could have been brought there originally. 28 U.S.C. § 1441(a). In the present case, Household Life invoked the Court's original jurisdiction on diversity grounds under 28 U.S.C. § 1332. (Docket No. 1, ¶¶3,5). Under that statute, a district court has jurisdiction over a case or controversy between "*citizens* of different states," where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332 (emphasis added). Household Life, as the removing defendant, bears the burden of demonstrating that these requirements were met at the time of removal. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921); Gafford v. General Elec. Co., 997 F.2d 150, 155 (6th Cir. 1993).

Household Life leaves the Court to guess whether the citizenship requirement has been satisfied, as the Notice of Removal, the Amended Complaint, and the original Complaint all allege that the plaintiffs are *residents* of the State of Ohio. (Docket No. 1, ¶3; Docket No. 1-1, ¶1; Docket No. 4, ¶1 ). Household Life's Answer to the Amended

2

Complaint only muddies the waters, since it begins by denying the plaintiffs' allegation that they are residents of the state of Ohio.  (Docket No. 5, ¶1).  Crucially, even though Household life alleges "complete diversity of citizenship," it provides no indication as to the state of which the plaintiffs are in fact citizens.  (Docket No. 1, ¶3)

In order to maintain this suit in federal court, Household Life must affirmatively allege the actual citizenship of the parties.  Whitmore v. Victus Ltd. t/a Master Design Furniture, 212 F.3d 885, 887 (5th Cir. 2000); Winger v. Western Reserve Life Assurance Company of Ohio, 570 F.Supp 8, 10 (M.D. Tenn. 1983).  Household Life's allegation that the plaintiffs are residents of the State of Ohio is insufficient to satisfy this requirement.  See Realty Holding Co. v. Donaldson, 268 U.S. 398, 399-400 (1925); Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2000)(allegation in notice of removal that plaintiffs were "residents of California" is insufficient to establish diversity of citizenship); Tylka v. Gerber Prods. Co., 211 F.3d 445, 448 (7th Cir. 2000); Laden v. Meck, 130 F. 877, 878-79 (6th Cir. 1904)(allegation that petitioners are "residents of Ohio" is insufficient to give a federal court jurisdiction).  This is so because "a person residing in a given state is not necessarily domiciled there, and thus not necessarily a citizen of that state."  Kanter, 256 F.3d at 857.  Furthermore, Household Life's allegation that "[t]here is complete diversity of citizenship" between the parties is not sufficient to invoke the Court's jurisdiction under 28 U.S.C. § 1332, because a removing defendant must allege actual citizenship so that diversity can be confirmed.  Whitmore, 212 F.3d at 887.

Household Life has not met its burden to demonstrate the existence of diversity of citizenship. Therefore, the Court cannot assume jurisdiction of the case and must remand to Summit County Court of Common Pleas.

**II. Conclusion**

For the foregoing reasons, this action is hereby remanded to Summit County Court of Common Pleas.

IT IS SO ORDERED.

    /s/ Lesley Wells
UNITED STATES DISTRICT JUDGE

Date: 13 November 2009